[698 NYS2d 235]

In the Matter of HARRISON CHESTER GRANT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 23, 1999

## APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Harrison Chester Grant was admitted to the practice of law in the State of New York by the First Judicial Department on March 13, 1961. At all times relevant to this proceeding, respondent has resided in Connecticut.

By motion dated August 20, 1999, the Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.16 (b) (1) determining that respondent is incapacitated from continuing to practice law by reason of mental infirmity or illness and suspending respondent from practice for an indefinite period on the ground of such incapacity. In the alternative, the Committee seeks an order directing respondent to undergo a psychiatric examination by a qualified expert designated by the Court and, if upon submission of the results of this examination, the Court is satisfied and concludes that respondent is incapacitated from continuing to practice law by reason of mental infirmity or illness, for a further order pursuant to 22 NYCRR 603.16 (b) (1) suspending respondent on the ground of such disability for an indefinite period and until further order of the Court.

In March 1998, a complaint against respondent was filed with the Disciplinary Committee alleging that he had failed to adequately represent the complainants' son in a civil case in the United States District Court for the Southern District of New York. The complaint further alleged that respondent had been "disbarred" in the State of Connecticut and was supported by documents indicating that respondent had been the subject of an attorney grievance proceeding in Connecticut and had been arrested for the unauthorized practice of law in Connecticut.

After an investigation which the Committee initiated on the basis of this complaint, the Committee determined that respondent had been admitted to the Connecticut bar in 1995 on a one-year temporary license and that the license was terminated in 1996 after his application to have the license made permanent was denied. In the Connecticut grievance proceeding, it was alleged that respondent had engaged in a course of harassment against an attorney which included respondent's filing of a "bogus [g]rievance [c]omplaint" and another grievance compliant "supposedly signed" by a client of the attorney. Since respondent's application to have his temporary license made permanent was denied, the Statewide Grievance Committee voted not to file a presentment of the case with the Superior Court.

The Disciplinary Committee's investigation further revealed that, on two occasions in 1997, respondent had been arrested in Connecticut and charged in a Superior Court information with unauthorized practice of law and larceny in the third degree and, in a second Superior Court information, with unauthorized practice of law and larceny in the first degree.

Competency hearings have been held in Connecticut in connection with the combined proceeding. On December 30, 1998, at the most recent competency hearing, the court, after considering a competency to stand trial evaluation from the Connecticut State mental hospital to which respondent had been committed, concluded that respondent was not competent and referred him for continued civil commitment.

Pursuant to section 603.16 (b) (1) of our rules, "[w]henever the Departmental Disciplinary Committee shall petition this court to determine whether an attorney is incapacitated from continuing to practice law by reason of * * * mental infirmity or illness * * * this court may take or direct such action as it deems necessary or proper to determine whether the attorney is so incapacitated. * * * If, upon due consideration of the matter, this court is satisfied and concludes that the attorney is incapacitated from continuing to practice law, it shall enter an order suspending him on the ground of such disability for an indefinite period and until the further order of this court and any pending disciplinary proceeding against the attorney shall be held in abeyance."

The Connecticut court's determination that respondent is incompetent to stand trial on the criminal charges and the competency evaluation on which this determination was based constitute uncontradicted evidence that respondent is mentally incapacitated from continuing to practice law.

Accordingly, pursuant to 22 NYCRR 603.16 (b) (1), respondent should be suspended for an indefinite period and until further order of this Court.

SULLIVAN, J. P., NARDELLI, WILLIAMS, MAZZARELLI and ANDRIAS, JJ., concur.

Respondent suspended from the practice of law in the State of New York for an indefinite period, effective the date hereof, and until the further order of this Court.