[51 NYS3d 70]

In the Matter of SIMONE R. COLEY, an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 6, 2017

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Kathy W. Parrino* of counsel), for petitioner.
*Simone R. Coley,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Simone R. Coley was admitted to the practice of law in the State of New York by the First Judicial Department on May 10, 2004. At all relevant times, respondent maintained a registered address in Connecticut where she is also admitted to practice.

By motion dated January 5, 2017, the Attorney Grievance Committee (Committee) seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14 (b), indefinitely suspending respondent on medical grounds, as evidenced by an order dated June 16, 2016, issued by the Connecticut Superior Court, placing respondent on inactive status based upon its finding that she is incapacitated from continuing to practice law. The Committee's motion to indefinitely suspend respondent until further order of this Court should be granted.

On or about May 31, 2016, the Connecticut Office of Chief Disciplinary Counsel filed an application with the Connecticut

Superior Court requesting that an order be issued against respondent for appropriate discipline or an order of inactive status. That application alleged that respondent had received $1,750 from a client in connection with a 2014 uncontested divorce proceeding, that respondent failed to initiate the divorce proceeding, and then failed to follow through with an agreement to return the retainer to the client. The Disciplinary Counsel sought an order of inactive status based upon, inter alia, respondent's incapacity to continue to practice law by reason of illness. After having reviewed respondent's medical records, the Connecticut Superior Court found her incapacitated from continuing to practice law, and placed her on inactive status until further order of the court.

In light of the Connecticut court's order, the Committee advised respondent by letter dated August 15, 2016, that she was the subject of a sua sponte investigation concerning her capacity to practice law in New York. The Committee requested a written answer regarding this matter and advised respondent that if she wished to assert her incapacity to practice law in New York, she should provide her medical records documenting such. The letter was sent by priority and certified mail to the address listed on respondent's notice of appearance in connection with the Connecticut disciplinary proceeding dated June 6, 2016. According to the US Postal Service website, the priority mailing was "Delivered" on August 18, 2016, and the Committee received back a signed return receipt for the certified letter not appearing to bear respondent's signature.

By letter dated September 8, 2016, the Committee again requested respondent submit a written answer and advised her of the possible consequences if she did not, including her interim suspension. The letter was sent by the same method as before, and according to the USPS website, the priority mailing was "Delivered" on September 10, 2016. The Committee received back a signed return receipt not appearing to bear either respondent's signature or that of the signature on the first certified letter.

On October 13, 2016, the Committee emailed a judicial subpoena to the email address listed by respondent in her last attorney registration in 2014, directing her to appear before the Committee for an examination under oath on November 2, 2016. On October 26, 2016, the Committee retained a process server in attempt to personally serve respondent. However, when the process server went to the Bridgeport, CT address

given by respondent in the Connecticut disciplinary proceeding, the apartment building's concierge told him that the respondent and her mother had moved and that respondent's new address was unknown.

After the Bridgeport USPS confirmed on November 8, 2016, that the Committee had the correct building address for respondent, the process server returned to the building on December 7, 2016. While there, the concierge once again informed the process server that the respondent no longer resided there, but this time stated that the mother had switched apartments in the building. When the concierge spoke with respondent's mother, she reportedly stated that she would not provide respondent's new address. To date, the Committee has not received an answer from respondent, nor has the Committee been able to obtain medical records directly from respondent.

While this Court has not reviewed respondent's medical documentation, the Connecticut Superior Court's finding of incapacity should be fully credited herein to protect the public interest. The Connecticut court's order makes clear that its determination that respondent is incapacitated from continuing to practice law and to place her on inactive status was based on its review of her medical records. Therefore, we find it proper to reciprocally suspend respondent based upon the Connecticut court's determination and the circumstances surrounding this case (*see Matter of Grant*, 263 AD2d 133 [1st Dept 1999] [granting medical suspension based upon Connecticut court's determination that attorney was incompetent to stand trial]; *see also Matter of Falls*, 121 AD3d 83 [1st Dept 2014] [granting medical suspension based upon, inter alia, letters from treating psychiatrist]).

Accordingly, the Committee's motion, to the extent that it seeks an indefinite medical suspension under 22 NYCRR 1240.14 (b), should be granted, and respondent is suspended from the practice of law, effective immediately, and until further order of this Court.

ACOSTA, J.P., RENWICK, MOSKOWITZ, FEINMAN and GESMER, JJ., concur.

Petitioner suspended from the practice of law in the State of New York, effective the date hereof, until the further order of this Court, as indicated.