Matter of Hall (2019 NY Slip Op 03130)





Matter of Hall


2019 NY Slip Op 03130


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

[*1]
In the Matter of MARGAUX DANIELLE HALL, an Attorney.
 
(Attorney Registration No. 4537767)

Calendar Date: April 1, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Sarah A. Richards of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Margaux Danielle Hall, Washington, DC, respondent pro se.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2007
and currently lists a business address in Washington DC, where she was admitted in 2009. In December 2015, the District of Columbia Court of Appeals indefinitely suspended respondent due to her incapacitation from practicing law. She remains so suspended to date. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves for respondent's indefinite suspension in this state based upon her suspension in Washington, DC. Respondent has submitted opposition to AGC's motion contending that she lacks the mental capability to defend herself in this matter.
Initially, we note that AGC's motion seeks to impose discipline pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, which allows for discipline based upon an attorney's "misconduct committed in [a] foreign jurisdiction." However, an application pursuant to section 1240.13 requires that AGC submit "proof that a person or firm . . . has been disciplined by a foreign jurisdiction" before this Court may discipline the respondent for the "underlying misconduct." Respondent's suspension in the District of Columbia resulted from a determination that she is incapacitated from the practice of law and was not based upon a finding of misconduct. Accordingly, we find that section 1240.13 is not the appropriate procedural mechanism for seeking respondent's suspension based on the present circumstances.

However, although AGC couches its motion as one seeking relief pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, we note that the plain language in its submission clearly seeks respondent's immediate suspension predicated on her incapacity to continue to practice law. Although AGC does not specifically reference Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14 (b), the appropriate rule in these circumstances, we find that no prejudice or misunderstanding would arise from analyzing the instant motion under that [*2]section and exercise our discretion to do so (see generally Matter of Blauman-Spindler v Blauman, 68 AD3d 1105, 1106 [2009]). 

Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14 (b) authorizes AGC to "apply to the Court for a determination that [a] respondent is incapacitated from practicing law by reason of mental disability or condition, alcohol or substance abuse, or any other condition that renders the respondent incapacitated from practicing law." In support of its motion, AGC relies upon the District of Columbia Court of Appeals determination of respondent's incapacity as the basis for its motion to suspend respondent on similar grounds (see Matter of Coley, 150 AD3d 1, 4 [2017]). In this respect, we note that the District of Columbia Court of Appeals Board on Professional Responsibility sought respondent's indefinite suspension pursuant to DC Bar Rule XI, § 13 (c), which required the Board to first determine that respondent was "incapacitated from continuing to practice law because of a mental infirmity or illness or because of addiction to drugs or intoxicants." Ultimately, those grounds formed the basis for the Board's petition and, consequently, the Court of Appeals' ultimate conclusion, which should be fully credited in this proceeding (see Matter of Coley, 150 AD3d at 4). Further, we note that respondent has provided a note from her current treatment provider that summarizes his evaluation of respondent's mental status and advises that her condition has rendered her unable to engage in mentally stressful activity. Having considered the totality of the circumstances before us, we find that respondent is incapacitated from practicing law and should be suspended indefinitely. Accordingly, we grant AGC's motion to the extent that it seeks respondent's suspension pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14 (b), suspend respondent from the practice of law, effective immediately, and stay any pending investigation until further order of this Court.

Garry, P.J., Lynch, Clark, Devine and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of
law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that any pending investigation of respondent's conduct by the Attorney Grievance Committee for the Third Judicial Department is stayed until further order of this Court.