Matter of Sackerman (2020 NY Slip Op 02899)





Matter of Sackerman


2020 NY Slip Op 02899


Decided on May 14, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present - Hon. Dianne T. Renwick, Justice Presiding,
 Rosalyn H. Richter
 Jeffrey K. Oing
 Anil C. Singh
 Peter H. Moulton, Justices.


M-929

[*1]In the Matter of Pamela J. Sackerman, (admitted as Pamela Jean Sackerman) an attorney and counselor-at-law: Attorney Grievance Committee, for the First Judicial Department, Petitioner, Pamela J. Sackerman (OCA Atty. Reg. No. 2404242), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department.
 Respondent, as Pamela Jean Sackerman, was admitted to practice as an attorney and counselor-at-law in the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 4, 1991



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Respondent, pro se.



PER CURIAM


Respondent Pamela J. Sackerman was admitted to the practice of law in the State of New York by the First Judicial Department on March 4, 1991, under the name Pamela Jean Sackerman. At all times relevant herein, respondent maintained a registered address in New Jersey where she was also admitted.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to Rules for the Attorney Disciplinary Matters (22 NYCRR) § 1240.14(b), suspending respondent from the practice of law for an indefinite period and until further order of the Court on the grounds that she is currently incapacitated from practicing law due to mental illness. 22 NYCRR 1240.14(b) provides as relevant:
"At any time during the pendency of a disciplinary proceeding or investigation ... the Committee ... may apply to the Court for a determination that the respondent is incapacitated from practicing law by reason of mental disability or condition ... that renders the respondent incapacitated from practicing law .... When the Court finds that a respondent is incapacitated from practicing law, the Court shall enter an order immediately suspending the respondent from the practice of law and may stay the pending proceeding or investigation."
In support, the AGC has submitted an order filed by Supreme Court of New Jersey on November 1, 2019, which transferred respondent to disability inactive status pursuant to New Jersey Court Rule 1:20-12, on consent, after the Office of Attorney Ethics and respondent's counsel agreed that she lacked the capacity to practice law. New Jersey Court Rule 1:20-12 required the Disciplinary Review Board to first determine that respondent lacked the capacity to practice law by reason of "mental or physical infirmity or illness..."
In addition, the AGC has provided a sworn affidavit from respondent, wherein she explains that her transfer to disability status in New Jersey was granted based upon "a medical letter that affirmed [she] had a psychological condition that made [her] unable to practice law. This forestalled a pending attorney ethics complaint from moving forward." Respondent consents to an order "reciprocally transferring" her to disability inactive status in New York and her suspension. The AGC notes further that New Jersey Court Rule 1:20-12(b) is analogous to Rule 22 NYCRR 1240.14(b) .
While this Court has not reviewed respondent's medical documentation, the Supreme Court of New Jersey's finding of incapacity should be fully credited herein to protect the public interest, particularly where respondent has consented to her suspension herein pursuant to 22 NYCRR § 1240.14 (Matter of Coley, 150 AD3d 1, 4 [1st Dept 2017]). The Supreme Court of New Jersey's order makes clear that its determination that respondent is incapacitated from continuing to practice law and to place her on inactive status was based on its review of her medical records. Therefore, we find it proper to similarly suspend respondent.
Accordingly, AGC's motion, pursuant to 22 NYCRR) 1240.14(b), is granted and respondent is suspended from the practice of law in the State of New York, effective immediately, for an indefinite period of time and until further order of this Court.
All concur.
Order filed. [May 14, 2020]
The motion is granted and respondent is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.14(b), effective immediately,, until further order of this Court.