Matter of Olive (2023 NY Slip Op 02590)

Matter of Olive

2023 NY Slip Op 02590

Decided on May 11, 2023

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 11, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick
Acting Presiding Justice

Motion No. 2023-01304 Case No. 2023-01367 

[*1]In the Matter of Laurence H. Olive (Admitted as Laurence Herbert Olive), a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Laurence H. Olive (OCA ATTY. REG. NO. 2336980.), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on April 24, 1990.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Laurence H. Olive was admitted to the practice of law in the State of New York by the Third Judicial Department on April 24, 1990, under the name Laurence Herbert Olive. At all times relevant herein, respondent maintained a registered address within the First Judicial Department.
By order of this Court entered November 17, 2022, respondent was suspended from the practice of law for violation of Judiciary Law § 468-a (Motion No. 2022-03603-1793).
The Attorney Grievance Committee (AGC) seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14(b), suspending respondent from the practice of law for an indefinite period and until further order of the Court on the ground that he is currently incapacitated from practicing law due to mental illness. Pursuant to 22 NYCRR 1240.14(b),
"At any time during the pendency of a disciplinary proceeding or an investigation . . . the Committee . . . may apply to the Court for a determination that the respondent is incapacitated from practicing law by reason of mental disability or condition . . . that renders the respondent incapacitated from practicing law. . . . When the Court finds that a respondent is incapacitated from practicing law, the Court shall enter an order immediately suspending the respondent from the practice of law and may stay the pending proceeding or investigation."
In support of its motion, the AGC has submitted an order, filed by the Supreme Court of New Jersey on June 27, 2022, that transferred respondent to disability inactive status pursuant to New Jersey Rules of Court rule 1:20-12, on consent, after the Office of Attorney Ethics and respondent's appointed counsel agreed that he lacked the capacity to practice law. New Jersey Rules of Court rule 1:20-12 required the Disciplinary Review Board to first determine that respondent lacked the capacity to practice law by reason of "mental or physical infirmity or illness."
In addition, the AGC has demonstrated that respondent consents to an order suspending him from the practice of law in New York due to incapacity based upon his New Jersey transfer to disability inactive status. The AGC notes further that New Jersey Rules of Court rule 1:20-12(b) is analogous to 22 NYCRR 1240.14(b).
While this Court has not reviewed respondent's medical documentation, the Supreme Court of New Jersey's finding of incapacity should be fully credited herein to protect the public interest, particularly where respondent has consented to his suspension pursuant to 22 NYCRR 1240.14 (Matter of Sackerman, 184 AD3d 53 [1st Dept 2020]; Matter of Coley, 150 AD3d 1, 4 [1st Dept 2017]). The AGC asserts, and respondent does not dispute, that the Supreme Court of New Jersey's determination that respondent is incapacitated from continuing to practice law, and its placement of respondent on inactive status, occurred after examination [*2]of respondent by a psychiatrist who found that it was clinically appropriate to transfer respondent to disability inactive status. Therefore, we find it proper to similarly suspend respondent.
Accordingly, AGC's motion, pursuant to 22 NYCRR 1240.14 (b), is granted and respondent is suspended from the practice of law in the State of New York, effective immediately, for an indefinite period of time and until further order of this Court.
All concur.
It is Ordered that the Attorney Grievance Committee's motion to suspend respondent Laurence H. Olive, admitted as Laurence Herbert Olive, pursuant to 22 NYCRR 1240.14(b), is granted effective the date hereof, for an indefinite period of time and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Laurence H. Olive, admitted as Laurence Herbert Olive, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney and counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Laurence H. Olive, admitted as Laurence Herbert Olive, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Laurence H. Olive, admitted as Laurence Herbert Olive, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: May 11, 2023