[—— NYS2d ——]

In the Matter of KENNETH LINN, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 20, 1993

### APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Jerome Karp, P. C.,* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent, Kenneth Linn, was admitted to the Bar in the State of New York on December 23, 1968 in the First Judicial Department. During the period relevant to these

proceedings, he maintained an office for the practice of law within the First Judicial Department.

Respondent has previously been subject to discipline for neglect of legal matters entrusted to him (Code of Professional Responsibility DR-6101 [A] [3]). After a three-year interim suspension commencing in 1982, respondent was finally censured and permitted to resume the practice of law on the finding of the Hearing Panel that he had been rehabilitated from his medical condition, which involved cocaine abuse. *(See, Matter of Linn,* 109 AD2d 124.)

The acts upon which this disciplinary proceeding is predicated involve the representation of Ivan Matias, in connection with the recovery of bail money. Respondent successfully recovered the money, but paid over only part of it to his client. The Hearing Panel determined that respondent had converted $25,000 of the bail money, and we confirm that finding. At issue is the degree of mitigation to be accorded in light of respondent's admitted cocaine abuse at the time of the incident. *(See, Matter of Winston,* 137 AD2d 385.) The record before the Hearing Panel contains convincing evidence of respondent's rehabilitation and community service, and it is uncontroverted that respondent has been drug-free since 1988. However, in light of the prior proceedings involving this respondent, including a prior finding of rehabilitation from cocaine addiction, we agree with the recommendation of the Hearing Panel that respondent should be suspended for a period of five years from the date hereof.

Accordingly, petitioner's motion is granted, and the cross motion of the respondent denied, and respondent is suspended from the practice of law for a period of five years, effective immediately; any motion for reinstatement subsequent thereto to be conditioned upon proof of respondent's full compensation of the Client Protection Fund for all payments made by the fund to Mr. Matias, and evidence demonstrating to the satisfaction of this Court respondent's continued rehabilitation; and the submission of a physical and psychiatric report attesting that respondent is physically and mentally capable of resuming the practice of law.

MURPHY, P. J., ROSENBERGER, WALLACH, ASCH and KASSAL, JJ., concur.

Motion to suspend granted, respondent's cross motion to disaffirm the recommendation of the Hearing Panel denied, and respondent suspended from the practice of law for a period of five years, effective immediately, and until the further order of this Court, as indicated.