■ In the Matter of ANONYMOUS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [830 NYS2d 794]—

Per Curiam. Respondent was admitted to practice by this Court in 2000. He maintains an office for the practice of law in the Third Department.

Petitioner commenced an investigation of several complaints filed by clients against respondent which alleged neglect of client matters and failure to communicate with the clients. Because respondent did not timely reply to petitioner's inquiries, petitioner requested and this Court issued a subpoena duces tecum directing respondent to appear before petitioner to give testimony and produce his files in connection with the client complaints. Respondent failed to appear and petitioner now moves for an order indefinitely suspending respondent from practice until such time as he complies with the subpoena (see 22 NYCRR 806.4 [b]). Petitioner also notes that respondent is delinquent in payment of his attorney registration fee for the 2006 to 2007 biennial period (see Judiciary Law § 468-a; 22 NYCRR part 118). Respondent has submitted a reply to the motion in which he answers the client complaints and submits the files in his possession. He acknowledges that he owes a former bankruptcy client a refund of her retainer.

Respondent also moves for an order staying the instant matter and directing his participation in this Court's diversion program (see 22 NYCRR 806.4 [g]). Petitioner advises that it does not oppose the requested relief.

In support of his motion, respondent states that he suffers from alcohol and substance abuse and dependency, that his misconduct occurred while he was in the throes of his addiction, and that he is now on the road to recovery. He submits a two-year monitoring agreement that he has executed with the New York State Bar Association Lawyer Assistance Program (hereinafter LAP) which requires him to participate in a three-month residential treatment program followed by an intensive outpatient program. The monitoring agreement also requires respondent to maintain abstinence from alcohol and other unprescribed mood-altering substances, attend a structured recovery support group, such as Alcoholics Anonymous, submit to random alcohol and drug screenings, and maintain specified

communications with a named monitor who is required to submit periodic reports to this Court.

We conclude that respondent is a proper candidate for diversion to the LAP monitoring program, according to the criteria set forth in this Court's diversion rule (*see* 22 NYCRR 806.4 [g]). The rule provides that, during the course of an investigation or disciplinary proceeding, when the attorney raises alcohol or other substance abuse or dependency as a mitigating factor, upon application of the attorney, the Court may:

"stay the investigation or disciplinary proceeding and direct the attorney to complete a monitoring program sponsored by a lawyers' assistance program approved by the court. In determining whether to divert an attorney to a monitoring program, the court shall consider:

"(i) whether the alleged misconduct occurred during a time period when the attorney suffered from alcohol or other substance abuse or dependency;

"(ii) whether the alleged misconduct is related to such alcohol or other substance abuse or dependency;

"(iii) the seriousness of the alleged misconduct; and

"(iv) whether diversion is in the best interest of the public, the legal profession, and the attorney" (22 NYCRR 806.4 [g] [1]).

We therefore grant respondent's motion and stay petitioner's suspension motion pending further order of this Court to be entered upon motion by petitioner or respondent upon submission of written proof of respondent's successful completion of the monitoring program or in the event that respondent fails to successfully complete the monitoring program or commits additional misconduct after the date of this decision (*see* 22 NYCRR 806.4 [g] [2], [3]). We also direct respondent, within 60 days of the date of this decision, to refund the retainer he owes his former bankruptcy client and to fully comply with the attorney registration requirements (*see* Judiciary Law § 468-a; 22 NYCRR part 118), and to provide proof of the refund and compliance to petitioner.

Mercure, J.P., Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that, pursuant to this Court's rules (*see* 22 NYCRR 806.4 [g] [1]), respondent's motion is granted and he is directed to participate in and complete the monitoring agreement executed by respondent and the director of the New York State Bar Association Lawyer Assistance Program; and it is further ordered that petitioner's suspension motion is stayed pending further order of this Court to be entered upon motion by

petitioner or respondent upon submission of written proof of respondent's successful completion of the monitoring program or in the event that respondent fails to successfully complete the monitoring program or commits additional misconduct after the date of this decision (*see* 22 NYCRR 806.4 [g] [2], [3]); and it is further ordered that respondent is directed, within 60 days of the date of this decision, to refund the retainer that he owes his former bankruptcy client and to fully comply with the attorney registration requirements (*see* Judiciary Law § 468-a; 22 NYCRR part 118).