In the Matter of JONATHAN P. FRANCIS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [831 NYS2d 735]—

Per Curiam. Respondent was admitted to practice by this Court in 2000. He maintains an office for the practice of law in the Village of Altamont, Albany County.

By decision dated February 15, 2007, this Court granted a motion by respondent to (1) stay petitioner's motion to suspend respondent from practice for failing to comply with a subpoena duces tecum issued to further petitioner's investigation of several pending complaints of professional misconduct, and (2) direct respondent's participation in the diversion program provided for by the Rules of this Court (22 NYCRR) § 806.4 (g) (*Matter of Anonymous*, 37 AD3d 970 [2007]). At the time of our decision, respondent was participating in the New York State Bar Association's Sobriety Monitoring Program.

The director of the Sobriety Monitoring Program now advises that respondent has been discharged from the program for failure to comply with its requirements.

Petitioner therefore requests vacatur of the stay of its motion to suspend respondent from practice. Respondent's attorney

advises that he is unable to respond to the request because of lack of communication with his client.

Under all of the circumstances presented, and to protect the public, we vacate the stay imposed on petitioner's motion, grant the motion, and suspend respondent from practice pending his full compliance with the subpoena issued October 6, 2006, and until further order of this Court.

Mercure, J.P., Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the stay imposed by our decision dated February 15, 2007 is vacated; and it is further ordered that petitioner's motion to suspend respondent from practice pending his full compliance with the subpoena duces tecum dated October 6, 2006 is granted; and it is further ordered that respondent is suspended from practice, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).