[62 NYS3d 365]

In the Matter of Joshua A. Messian (Admitted as Joshua Abraham Messian), an Attorney, Respondent. Attorney Grievance Committee for the First Judicial Department, Petitioner.

First Department, October 31, 2017

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.
*Emery Celli Brinkerhoff & Abady LLP* (*Hal R. Lieberman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Joshua A. Messian was admitted to the practice of law in the State of New York by the Second Judicial Department on May 19, 2010, under the name Joshua Abraham Messian. Respondent's last registered address listed with the Office of Court Administration was in California, where he resides, but the misconduct at issue occurred within the First Judicial Department.

By motion dated June 29, 2017, the Attorney Grievance Committee seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (2), immediately suspending respondent from the practice of law until further order of this Court. The Committee cites respondent's admissions under oath that he committed acts of professional misconduct, namely the conversion and/or misappropriation of client and third-party funds, which immediately threaten the public interest.

Respondent does not dispute the facts alleged by the Committee, and admits he used client and third-party funds for his own personal purposes related to his narcotics addiction. Respondent avers that he does not owe money to any clients other than one to whom he owes approximately $50,000, and for whom his counsel is currently holding $43,000 in trust. Respondent expects to finalize restitution in the near future.

Respondent's counsel avers that because respondent currently resides in California (where he is not admitted to practice), it can be inferred that he does not intend to practice law for the foreseeable future. Furthermore, in light of respondent's "intense" commitment to recovery from his longstanding drug addiction, counsel contends that respondent "is not only currently incapable of practicing law but cannot adequately defend himself against the charges against him."

Respondent requests that if this Court deems his immediate suspension warranted it impose a disability suspension pursuant to 22 NYCRR 1240.14 (b), which provides—

> "[a]t any time during the pendency of a disciplinary proceeding or an investigation conducted pursuant to these Rules, the Committee, or the respondent, may apply to the Court for a determination that the respondent is incapacitated from practicing law by reason of mental disability or condition, alcohol or substance abuse, or any other condition that renders the respondent incapacitated from practicing law. *Applications by respondents shall include medical proof demonstrating incapacity.* The Court may appoint a medical expert to examine the respondent and render a report. When the Court finds that a respondent is incapacitated from practicing law, the Court shall enter an order immediately suspending the respondent from the practice of law and may stay the pending proceeding or investigation" (emphasis added).

Respondent has included a letter from a California licensed therapist who worked with him at an inpatient rehabilitation facility from May to December 2016. The therapist attests to respondent's commitment to recovery, and states—

> "I feel it is time that [respondent] resume back with his life not only as a sober individual *but also as a practicing attorney.* I do feel [respondent] has become capable to deal with the stressors of his job and has learned how to cope in a healthier manner with the day to day practices of his life" (emphasis added).

Respondent has also included affidavits from his Narcotics Anonymous sponsor and two other Narcotics Anonymous members, all of whom attest to his commitment to recovery.

The Committee opposes respondent's request for a disability suspension pursuant to 22 NYCRR 1240.14 (b), arguing that he has not submitted any medical documentation to support such request. The Committee contends that the therapist's letter undermines respondent's application, since she opines that it is time for him to resume the practice of law. Furthermore, the affidavits from his fellow Narcotics Anonymous members do not constitute "medical proof demonstrating incapacity" under section 1240.14 (b). The Committee notes that respon-

dent may offer the letter and affidavits as mitigation at a hearing based upon formal charges but that they are irrelevant in the context of the current proceeding.

The Committee has presented sufficient evidence for this Court to immediately suspend respondent pursuant to 22 NYCRR 1240.9 (a) (2) based upon his admissions to conversion of client and third-party funds (*see e.g. Matter of Perchekly*, 149 AD3d 17 [1st Dept 2017]; *Matter of Roth*, 131 AD3d 314 [1st Dept 2015]).

The record, as it stands, does not sufficiently support respondent's request for a disability suspension. Respondent has not presented any actual medical evidence that he is incapacitated from practicing law, which is required under 22 NYCRR 1240.14 (b) (*see e.g. Matter of Coley*, 150 AD3d 1 [1st Dept 2017] [disability suspension based upon Connecticut court's finding of incapacity after its review of medical records]; *Matter of Schwartz*, 121 AD3d 292 [1st Dept 2014] [disability suspension based upon depression evinced by letters from attorney's psychiatrist]; *Matter of Falls*, 121 AD3d 83 [1st Dept 2014] [disability suspension based upon mental illness evinced by letters from attorney's psychiatrist]). Indeed, the therapist's letter seems to undermine his argument of ongoing incapacity.

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law pursuant to 22 NYCRR 1240.9 (a) (2), effective immediately, and until further order of this Court. Respondent is granted leave to renew his request for a disability suspension upon submission of proper medical proof demonstrating incapacity.

KAPNICK, J.P., KAHN, GESMER, KERN and MOULTON, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, and until further order of this Court.