Matter of Messian (2018 NY Slip Op 07845)





Matter of Messian


2018 NY Slip Op 07845


Decided on November 15, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Barbara R. Kapnick,Justice Presiding,
Marcy L. Kahn
Ellen Gesmer
Cynthia S. Kern
Peter H. Moulton,Justices.


M-4178

[*1]In the Matter of Joshua A. Messian, (admitted as Joshua Abraham Messian), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Joshua A. Messian, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Joshua A. Messian, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 19, 2010.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Hal R. Lieberman, Esq. for respondent.



PER CURIAM


Respondent Joshua A. Messian was admitted to the practice of law in the State of New York by the Second Judicial Department on May 19, 2010 under the name Joshua Abraham Messian. Respondent's last registered address is in California but the misconduct at issue occurred within the First Judicial Department.
By order entered on October 31, 2017, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(2), this Court, upon motion by the Attorney Grievance Committee (Committee), immediately suspended respondent from the practice of law until further order of this Court based on his admissions under oath that he committed acts of professional misconduct. Specifically, respondant converted and/or misappropriated client and third-party funds (155 AD3d 57 [1st Dept 2017]).
The parties jointly move under 22 NYCRR 1240.8(a)(5) for discipline by consent and request the imposition of a five-year suspension, retroactive to October 31, 2017, the date of respondent's interim suspension. The Committee and respondent agree on the stipulated facts, including the misconduct itself and factors in mitigation, and on the discipline.
Respondent's misconduct, which involved the intentional conversion of client funds on two occasions over a four-month period in 2015 at a time when he was suffering from narcotics addiction, is quite serious. However, the parties have stipulated to several mitigating factors, including respondent's acceptance of responsibility, unblemished disciplinary history, full cooperation with the Committee, full payment of restitution to the affected clients, expression of remorse and willingness to present substantial evidence of good character at a sanction hearing.
Respondent has also suffered from narcotics addiction for which he voluntarily sought treatment that included inpatient treatment at a residential drug and alcohol treatment facility from May to December 2016 and subsequent outpatient therapy involving attendance at a Narcotics Anonymous program of which he remains a member and for which he attends meetings at least five times each week. Respondent has remained drug-free since May 2016. Since May 2017, he has retained full-time employment and he maintains that his drug dependency has been arrested and that recurrence of his misconduct is highly unlikely. In light of the extraordinary factors in mitigation, the Committee and respondent agree that a five-year suspension is appropriate (see e.g. Matter of Hazelhurst, 144 AD3d 31 [1st Dept 2016]; Matter of Albanese, 274 AD2d 284 [1st Dept 2000]; Matter of Fishbein, 167 AD2d 85 [1st Dept 1991].
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent is suspended from the practice of law in the State of New York for a period of five years, effective nunc pro tunc to October 31, 2017. Any application for reinstatement should include proof of respondent's continued rehabilitation and submission of medical and psychiatric reports attesting that respondent is physically and mentally capable of resuming the practice of law (see Matter of Linn, 190 AD2d 155 [1st Dept 1993]; Matter of Fishbein, 167 AD2d at 88.
All concur.
Order filed.
Ordered that the joint motion for discipline by consent is granted, and respondent is suspended from the practice of law in the State of New York for a period of five years, effective nunc pro tunc to October 31, 2017. Any application for reinstatement should include proof of respondent's continued rehabilitation and submission of medical and psychiatric reports attesting that respondent is physically and mentally capable of resuming the practice of law.