Matter of Boyd (2023 NY Slip Op 02848)

Matter of Boyd

2023 NY Slip Op 02848

Decided on May 30, 2023

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 30, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Barbara R. Kapnick,J.P.,
Cynthia S. Kern
Lizbeth González
Manuel J. Mendez
Julio Rodriguez III, JJ.

Motion No. 2023-01488 Case No. 2023-01523 

[*1]In the Matter of Roderic Boyd (Admitted as Roderic David Boyd), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Roderic D. Boyd (OCA ATTY. REG. NO. 4915484), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 25, 2011.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Denice M. Szekely, of counsel), for petitioner.
Jeffrey A. Chabrowe, Esq., for respondent.

Per Curiam 

Respondent Roderic Boyd was admitted to the practice of law in the State of New York by the Second Judicial Department on May 25, 2011 under the name Roderic David Boyd. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (AGC) seeks an order pursuant to Judiciary Law §§ 90(2) and 468-a and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(5) immediately suspending respondent from the practice of law based upon uncontroverted evidence that respondent intentionally converted and/or misappropriated client funds maintained in his IOLA account and failed to comply with attorney registration requirements. Respondent has not submitted a response to the AGC's motion.
In March 2022, the AGC received a complaint from S.M., a client who respondent had represented in the sale of an apartment. On September 23, 2021, in connection with the sale, respondent deposited into his escrow account the contract deposit for $63,700. Thereafter, withdrawals from the account via online transfers to a linked checking account were made resulting in the account balance dropping to $51,906.16 on January 21, 2022. As of February 2, 2022, seven days prior to the closing, the escrow records showed a balance of only $3,781.16. At the closing on February 9, 2022, respondent received $32,735.15, representing the balance of the purchase price. After seller expenses, respondent was to wire his client the balance of the proceeds totaling $78,086.14, but he failed to do so.
On April 22, 2022, the Lawyers' Fund for Client Protection notified the AGC that on March 24, 2022, an escrow check from respondent's account for $250 had been dishonored and returned for insufficient funds. Respondent's escrow account records shows that as of March 11, 2022, his account balance was $2.15.
In his October 2022 answer to the complaint, respondent explained that, during the COVID-19 pandemic, he had developed an addiction to methamphetamine, spent several weeks at a Nevada facility receiving intensive treatment for his addiction and agreed to join an attorney monitoring program and be randomly drug tested. Additionally, respondent admitted having used his client's funds for his own personal use during his addiction and that the $250 check was dishonored due to his having wrongfully written the escrow check to himself. Respondent explained that he had fully repaid S.M. by October 2022.
The AGC argues that respondent should be immediately suspended from the practice of law pursuant to 22 NYCRR 1240.9(a) (5), until further order of the Court, based upon uncontroverted evidence of misconduct that he deposited proceeds from the sale of his client's apartment into his escrow account and subsequently converted and/or misappropriated the funds by making withdrawals unrelated to the [*2]sale without permission or authority in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15(a) and 8.4(c). The AGC further argues that respondent is delinquent in his attorney registration and his failure to register and pay fees for the 2021/2022 biennial period in violation of Judiciary Law § 468-a also constitutes an independent ground for his suspension.
22 NYCRR 1240.9(a) provides that:
"A respondent may be suspended from practice on an interim basis during the pendency of an investigation or proceeding on application or motion of a Committee ... upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon: ... (5) other uncontroverted evidence of professional misconduct."
Here, the bank records and respondent's admissions sufficiently demonstrate that respondent engaged in professional misconduct by intentionally converting and/or misappropriating client funds maintained in his IOLA account, warranting his immediate suspension from the practice of law (see Matter of Grant, 184 AD3d 315 [1st Dept 2020]; Matter of Goldsmith, 159 AD3d 188 [1st Dept 2018]; Matter of Pierre, 153 AD3d 306 [1st Dept 2017]; Matter of Reid, 137 AD3d 25 [1st Dept 2016]). Moreover, respondent's delinquency in his attorney registration provides another ground for his suspension (see Judiciary Law § 468-a; Matter of McCrea, 211 AD3d 167, 170 [1st Dept 2022]; Matter of Willner, 209 AD3d 47, 50 [1st Dept 2022]).
Accordingly, the Attorney Grievance Committee's motion for an order suspending respondent from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a) (5) and Judiciary Law §§ 90(2) and 468-a should be granted and respondent is hereby suspended from the practice of law, effective immediately and until further order of this Court.
All concur.
It is Ordered that the Attorney Grievance Committee's motion to suspend respondent from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a) (5) and Judiciary Law §§ 90(2) and 468-a is granted, and respondent Roderic Boyd, admitted as Roderic David Boyd, is suspended from the practice of law, effective immediately, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent Roderic Boyd, admitted as Roderic David Boyd, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Roderic Boyd, admitted as Roderic David Boyd, shall comply with the rules governing the conduct [*3]of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Roderic Boyd, admitted as Roderic David Boyd, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: May 30, 2023