Matter of Boyd (2024 NY Slip Op 06158)

Matter of Boyd

2024 NY Slip Op 06158

Decided on December 10, 2024

Appellate Division, First Department

P E R C U R I A M 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

— Hon. Cynthia S. Kern
Justice Presiding
Barbara R. Kapnick Lizbeth González Manuel Mendez Julio Rodriguez
III
Justices.

Motion No. 2024-04697 Case No. 2023-01523 

[*1]In the Matter of Roderic Boyd (Admitted as Roderic David Boyd) A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Roderic Boyd (OCA Atty. Reg. No. 4915484), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Roderic Boyd, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 25, 2011.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Yvette A. Rosario, of counsel), for petitioner.
Jeffrey Chabrowe, Esq., for respondent.

P E R C U R I A M 

Respondent Roderic Boyd was admitted to the practice of law in the State of New York by the Second Judicial Department on May 25, 2011, under the name Roderic David Boyd. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
By order and decision entered May 30, 2023 (Matter of Boyd, 216 AD3d 78 [1st Dept 2023]), this Court suspended respondent from the practice of law pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(5) and Judiciary Law §§ 90(2) and 468-a for engaging in professional misconduct by intentionally converting and/or misappropriating client funds maintained in his attorney escrow account and failing to comply with attorney registration requirements.
On September 24, 2024, by notice of motion, in accordance with 22 NYCRR 1240.10, respondent seeks an order accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York. The Attorney Grievance Committee (AGC) does not oppose.
In support of the application, respondent has submitted his affidavit of resignation, sworn to September 7, 2024, which conforms to the format set forth in Appendix A to 22 NYCRR 1240.1o. Respondent attests that he is currently the subject of disciplinary charges pending before this Court involving allegations of professional misconduct on his part. He acknowledges that the allegations include the following acts of professional misconduct:
Respondent was retained to represent a client, S.M., in the sale of his cooperative apartment (co-op). On September 23, 2021, respondent received the $63,700 contract deposit and deposited the funds into his attorney escrow account. On January 21, 2022, the account balance fell to $51,906.16.
Between September 2021 and January 2022, respondent withdrew approximately $48,125 from the escrow account via online transfers to his checking account. On February 2, 2022, seven days prior to the scheduled closing on S.M.'s co-op, the account balance fell to $3,781.16.
On February 9, 2022, the day of the closing, $32,735.15, proceeds from the sale of the co-op, was deposited into the escrow account. Within days, respondent withdrew $31,750 from his escrow account via online transfers to a linked checking account. The balance on February 28, 2022, was $1,562.15.
During the COVID-19 pandemic, respondent developed an [*2]addiction to methamphetamine. At the height of his addiction, respondent used his client's funds for his own personal use.
Respondent refunded S.M. $78,086.14 as full restitution by cashier's check on October 15, 2022.
Respondent further attests that he cannot successfully defend against the pending charges based upon the facts and circumstances of his professional misconduct as described herein and that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law. Respondent also acknowledges that his resignation is submitted subject to any future application that may be made by a Committee to any Department of the Appellate Division for an order under Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order.
Respondent acknowledges and agrees that pending issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered. He also assures that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Respondent further understands that, should the Court accept his resignation, the order resulting from his application and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records in accordance with Judiciary Law § 90(10).
By affirmation dated October 7, 2024, the AGC staff attorney states that the AGC does not oppose acceptance of the respondent's resignation since his Affidavit of Resignation conforms with 22 NYCRR 1240.10 and contains the requisite admissions and acknowledgements. The AGC further states that this Court has accepted the resignation of similarly situated attorneys.
Given that respondent's affidavit conforms with 22 NYCRR 1240.10 and, further, that this Court has accepted the resignation of other attorneys alleged to have intentionally converted and/or misappropriated client funds where, like here, full restitution has been made, respondent's resignation should be accepted (see e.g. Matter of Dubal, 151 AD3d 34 [1st Dept 2017]; cf. Matter of Palladino, 206 AD3d 54 [1st Dept 2022] [resignation accepted where attorney misappropriated client funds but made only partial restitution]; Matter of Roesser, 186 AD3d 6 [1st Dept 2020] [resignation accepted where attorney misappropriated settlement funds belonging to a client but had not made restitution]).
Accordingly, the motion should be granted, respondent's resignation accepted, and his name [*3]stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to September 7, 2024.
All concur.
Wherefore, it is Ordered that the application of respondent to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted and respondent, Roderic Boyd, admitted as Roderic David Boyd, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to September 7, 2024; and
It is further Ordered that pursuant to Judiciary Law § 90, respondent Roderic Boyd, admitted as Roderic David Boyd, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent Roderic Boyd, admitted as Roderic David Boyd, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Roderic Boyd, admitted as Roderic David Boyd, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: December 10, 2024