Matter of Kalonzo (2025 NY Slip Op 06256)

Matter of Kalonzo

2025 NY Slip Op 06256

Decided on November 13, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Sallie Manzanet-Daniels
Justice Presiding

Motion No. 2025-04515|Case No. 2025-05028|

[*1]In the Matter of Gisele Mutoba Kalonzo, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Gisele Mutoba Kalonzo (OCA Atty. Reg. No. 4444253), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Gisele Mutoba Kalonzo, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 4, 2006.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Gillian C. Gamberdell, of counsel), for petitioner.
Meredith S. Heller, Esq. for respondent.

Per Curiam 

Respondent Gisele M. Kalonzo was admitted to the practice of law in the State of New York by the First Judicial Department on October 4, 2006, under the name Gisele Mutoba Kalonzo. Respondent maintains a registered address in Georgia. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
In August 2025, the Attorney Grievance Committee (AGC) served respondent with a notice and petition of charges alleging professional misconduct, including intentional conversion and misappropriation of escrow funds in two separate real estate matters. By motion dated August 20, 2025, the AGC now seeks an order pursuant to 22 NYCRR 1240.9(a)(2) and (5) immediately suspending respondent from the practice of law, until further order of this Court, based on respondent's admissions under oath and other evidence that she intentionally converted or misappropriated third-party funds in connection with one of the real estate matters included with the charges.
By answer dated September 15, 2025, respondent admits the material facts, admits six of the charges, and denies the remaining six charges, including the intentional conversion and misappropriation charges. Respondent's answer also requests that the Court hold the AGC's suspension motion in abeyance and grant her request for diversion pursuant to 22 NYCRR 1240.11(a).
The AGC opposes respondent's diversion request, arguing that the conduct shown is too serious for diversion to be appropriate and, in any event, the request lacks any explained basis. The AGC also requests permission to amend the petition of charges to correct a typographical error, specifically, to amend the incorrect denomination of two charges as charge number 6; the AGC's proposed amended petition is identical to the original petition other than correctly renumbering the charges.
The AGC's request to amend the petition to reflect the correct numbering of the charges should be granted, as respondent would not be prejudiced by the nominal amendment. Moreover, in her answer respondent appropriately treated each charge as separate, indicating that the initial erroneous numbering resulted in no confusion.
Since respondent's answer does not provide any explanation for her diversion request, diversion should be denied at this time. Respondent has been charged with serious misconduct—namely, intentional conversion and/or misappropriation of escrow funds—and the charges, insofar as they relate to the real estate matter forming the basis of the AGC's present motion, find credible support in the record. The seriousness of the alleged conduct thus weighs heavily against diversion under 22 NYCRR 1240.11(a) (see Matter of Pierre, 153 AD3d 306, 311 [1st Dept 2017]).
The AGC has met its burden for an interim suspension under 22 NYCRR 1240.9(a)(2) and (5). Respondent's deposition testimony and bank records show that she converted or misappropriated at least $22,000 in third-party funds in one of the real estate matters included with the pending charges. (Respondent is also alleged to have converted or misappropriated additional funds in another matter not part of the request for an interim suspension.) Respondent has thus "engaged in conduct immediately threatening the public interest" (see e.g. Matter of Iannuzzi, 207 AD3d 105, 109 [1st Dept 2022]; Matter of Etheridge, 200 AD3d 52 [1st Dept 2021]; Matter of Schuman, 183 AD3d 32 [1st Dept 2020]), and the interim suspension should be granted.
Given that respondent has admitted the material facts in her answer, there is no need for the parties to submit statements of disputed and undisputed facts (22 NYCRR 1240.8[a][2]). Further, given that respondent has admitted charges 4 and 7 through 11, these charges should be sustained. The matter should otherwise be referred to a referee for hearing on the disputed charges (1 through 3, 5, 6, and 12) and for recommendation as to sanction with respect to all charges ultimately sustained.
Accordingly, the AGC's motion should be granted; the petition of charges deemed amended; respondent suspended from the practice of law, effective immediately and until further order of this Court; charges 4 and 7 through 11 sustained based on respondent's admissions in her answer; and a referee appointed to conduct a liability hearing on disputed charges 1 through 3, 5, 6, and 12, make findings of fact and conclusions of law with respect thereto, and recommend such disciplinary sanction as may be appropriate.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an interim suspension, pursuant to 22 NYCRR 1240.9(a)(2) and (5), is granted, and respondent, Gisele Mutoba Kalonzo, is suspended from the practice of law in the State of New York, effective immediately, and until further order of this Court; and
It is further Ordered that the petition of charges is amended, charges 4 and 7 through 11 sustained based on respondent's admissions in her answer, and the matter is referred to Hon. John A. Colangelo, jcolacap@aol.com, as Referee, to conduct a liability hearing on disputed charges 1 through 3, 5, 6, and 12, make findings of fact and conclusions of law with respect thereto, and recommend such disciplinary sanction as may be appropriate; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Gisele Mutoba Kalonzo, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Gisele Mutoba Kalonzo, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Gisele Mutoba Kalonzo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: November 13, 2025