Matter of King

2026 NY Slip Op 02604

April 28, 2026

Appellate Division, First Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of William John Lloyd King, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, William John Lloyd King (OCA Atty. Reg. No. 5103908), Respondent.

Supreme Court, Appellate Division, First Judicial Department

Decided and Entered: April 28, 2026

Motion No. 2025-05965|Case No. 2025-07038|

Present — Hon. Dianne T. Renwick, Presiding Justice, Barbara R. Kapnick, Lizbeth González, Llinét M. Rosado, Kelly O'Neill Levy

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York City
(Diana Neyman, of counsel), for petitioner.

Hal R. Lieberman, Esq., for respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, William John Lloyd King, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 14, 2013.

Per Curiam

[*1]

Respondent William John Lloyd King was admitted to the practice of law in the State of New York by the First Judicial Department on January 14, 2013. He maintains a registered address in the First Judicial Department.

The Attorney Grievance Committee (the AGC) moves for an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(5), immediately suspending respondent from the practice of law until further order of this Court based on documentary evidence, namely bank records and respondent's written admission, that he knowingly converted and/or misappropriated $17,420 in his client, D.J.'s, funds to satisfy a long-standing gambling addiction. The AGC asserts that respondent dissipated D.J.'s funds while misleading her into believing the funds were still forthcoming and continued to deceive her even after the AGC began to investigate. It further argues that respondent failed to comply with the rules requiring him to maintain escrow funds in an IOLA, attorney trust account, or attorney escrow account.

Respondent opposes an interim suspension and, pursuant to 22 NYCRR 1240.11, requests that he be referred to a diversion monitoring program. Safeguards would be in place through which escrow account withdrawals would require an additional lawyer's signature, and his monitor would submit periodic progress reports to the AGC. His counsel argues that this was a one-off misappropriation, restitution was made, and respondent has unqualifiedly acknowledged his wrongdoing and fully cooperated with the AGC's investigation. Counsel further argues that if the Court determines that imposition of a temporary suspension is necessary, that it be limited to a disability suspension under 22 NYCRR 1240.14(b).

Respondent submitted an affidavit detailing his educational background and legal employment history. He describes how he began gambling recreationally in or about 2006 which years later grew into compulsive behavior. While he sought support in 2023, his efforts were brief. Respondent states that in late August 2025, when he received D.J.'s complaint, he took steps toward recovery which included making restitution to D.J., joining the Lawyer Assistance Program (LAP), and starting treatment. As of December 31, 2025, respondent had abstained from gambling for several months. Letters from a service provider and a LAP counselor indicate that respondent is demonstrating meaningful progress.

The AGC maintains that respondent is not a suitable candidate for diversion because his alleged misconduct is too serious (Matter of Kalonzo, __ AD3d __, 2025 NY Slip Op 06256 [1st Dept 2025] [diversion denied and interim suspension imposed where record evidenced conversion and/or misappropriation of escrow funds]; Matter of Pierre, 153 AD3d 306 [1st Dept 2017] [diversion denied and interim suspension imposed where record evidenced, inter alia, conversion and/or misappropriation of client funds]).

[*2]

The AGC maintains that respondent's arguments that his conversion and/or misappropriation of D.J.'s funds was a "one off" incident and that he made financial restitution to his client constitute mitigation more appropriately presented in later proceeding involving formal charges, not as a defense to an interim suspension (Matter of Messian, 155 AD3d 57 [1st Dept 2017] [request for disability suspension based on narcotics addiction rejected and interim suspension imposed based on admissions to conversion of client and third party funds]; Matter of Afilalo, 139 AD3d 175 [1st Dept 2016] [interim suspension based on evidence of misappropriation and/or conversion of client funds; personal and family health problems rejected as a defense with the Court opining that such were not relevant to an interim suspension motion, and respondent would have opportunity to present this evidence as mitigation at a later proceeding based on formal charges]). The AGC also argues, among other things, that relevant case law makes clear that a single instance of conversion/misappropriation of client funds is sufficient to support an interim suspension; and respondent has not provided any medical evidence that he is incapacitated from practicing law to support his alternate request for a disability suspension (see 22 NYCRR 1240.14[b]). The AGC further urges that respondent's claim that his theft of client funds was a "one off' misappropriation demonstrates a lack of genuine remorse bolstering its claim that respondent poses an undue threat to the public.

The AGC further asserts that respondent's recovery efforts are of too short a duration to ameliorate the seriousness of his misconduct and began as a direct result of the AGC's investigation. It notes that respondent has had a gambling addiction for almost 20 years and presents an immediate and lasting threat to the public interest.

Respondent argues, among other things, that his gambling did not become compulsive until 2023. He asserts that contrary to the AGC's position, Messian and Afilalo, both of which address mitigation evidence, do not belie respondent's request for diversion or, alternatively, a disability suspension. In addition, he maintains that the AGC overlooks case law from other Departments that supports his diversion request, namely Matter of Anonymous (148 AD3d 110 [4th Dept 2017]) [dismissing petition of charges after attorney's diversion request was granted, which stayed the disciplinary proceeding, and attorney then successfully completed a monitoring program for alcohol abuse] and Matter of Anonymous (37 AD3d 970 [3d Dept 2007]) [granting diversion request based on alcohol and substance abuse and staying motion to suspend based on alleged failure to cooperate with disciplinary investigation]. However, neither decision indicates that the attorneys were charged with conversion and/or misappropriation of client funds.

[*3]

22 NYCRR 1240.9(a) provides for an interim suspension " upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon: (5) other uncontroverted evidence of professional misconduct."

The AGC has met its burden for an immediate interim suspension pursuant to 22 NYCRR 1240.9(a)(5) as respondent's bank records and written admissions indisputably evidence that he converted and/or misappropriate at least $17,420 in client funds (see e.g. Matter of Grant, 224 AD3d 1 [1st Dept 2024] [interim suspension based on bank records evidencing conversion of escrow funds]; Matter of Boyd, 216 AD3d 78 [1st Dept 2023] [interim suspension based on bank records and written admission evidencing conversion and/or misappropriation of client funds]; Matter of Schwartz, 214 AD3d 153 [1st Dept 2023] [interim suspension based on bank records and other documents evidencing, inter alia, conversion and/or misappropriation of escrow funds]). Respondent's gambling addiction is not a defense to an interim suspension motion but rather arguably mitigation that respondent can present if formal charges are later brought against him by the AGC (Matter of Adelman, 263 AD2d 160 [1st Dept 1999] [interim suspension of attorney with gambling addiction based on, inter alia, bank records evidencing conversion of escrow funds]).

Due to the seriousness of his misconduct, respondent is not an appropriate diversion candidate (see Matter of Kalonzo, 2025 NY Slip Op 06256; Matter of Pierre, 153 AD3d 306); nor has he presented any medical evidence that he is incapacitated from practicing law which would support a disability suspension under 22 NYCRR 1240.14(b).

Accordingly, the AGC's motion should be granted, and respondent suspended from the practice of law, effective immediately, and until further order of this Court.

All concur.

Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for interim suspension, pursuant to 22 NYCRR 1240.9(a)(5), is granted, and respondent, William John Lloyd King, is suspended from the practice of law, effective immediately, and until further order of the Court; and

It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, William John Lloyd King, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and

[*4]

It is further Ordered that, during the period of suspension, respondent, William John Lloyd King, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and

It is further Ordered that if respondent, William John Lloyd King, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith, and

It is further Ordered that, within 20 days of the date of service of this order, respondent William John Lloyd King, may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9[c]).

Entered: April 28, 2026