[998 NYS2d 891]

In the Matter of ANTONIO JOHNSON, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 3, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kaylin L. Whittingham* of counsel), for petitioner.

*Herzfeld & Rubin P.C.* (*Lawton Squires* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Antonio Johnson was admitted to the practice of law in the State of New York by the Second Judicial Department on July 24, 2002. At all times relevant to these proceedings, respondent maintained his principal place of business within the First Judicial Department.

Respondent is the subject of an investigation by the Departmental Disciplinary Committee into charges that he failed to return $42,500 in funds received on behalf of clients whom he represented in the sale of a cooperative apartment. In his affidavit of resignation, respondent acknowledges that he received $92,500 in proceeds at the closing, which he deposited into his attorney trust account and that, in or about August 2013, he returned $50,000 to his clients. Thereafter, he states, "I failed to turn over $42,500.00 of the funds that had been entrusted to me at the time of the closing on June 11, 2013."

The Disciplinary Committee now seeks an order accepting respondent's affidavit of resignation from the practice of law pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11 sworn to on October 3, 2014, and striking his name from the roll of attorneys and counselors-at-law in the State of New York. In his affidavit, respondent states that he is aware that he is the subject of a disciplinary investigation concerning allegations of professional misconduct and concedes that he could not successfully defend himself on the merits against any charges predicated upon those allegations. He states that he is fully aware of the implications of submitting his resignation, which he submits freely, voluntarily, and without coercion or duress. In addition, respondent consents to this Court entering judgment in favor of his clients pursuant to Judiciary Law § 90 (6-a).

Inasmuch as respondent's resignation satisfies the criteria of 22 NYCRR 603.11, this Court accepts respondent's resignation, and his name is stricken from the roll of attorneys, effective nunc pro tunc to October 3, 2014, the date of his affidavit of resignation. Respondent is directed, pursuant to Judiciary Law § 90 (6-a) (a), to make restitution to David L. Adams and Ernestine M. Wallace-Adams in the amount of $42,500, and to the Lawyers' Fund for Client Protection for any future awards

that may be made by the Fund as a result of his misconduct, as an order issued pursuant to Judiciary Law § 90 (6-a) (a) may be entered as a civil judgment against respondent pursuant to Judiciary Law § 90 (6-a) (d).

TOM, J.P., RENWICK, ANDRIAS, DEGRASSE and KAPNICK, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 3, 2014. Respondent directed to make monetary restitution, as indicated.