Matter of Roesser (2020 NY Slip Op 04525)





Matter of Roesser


2020 NY Slip Op 04525


Decided on August 13, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 13, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Rolando T. Acosta, Presiding Justice, Judith J. Gische,Troy K. Webber, Ellen Gesmer, Jeffrey K. Oing, Justices.


&em;

[*1]In the Matter of John D. Roesser, (admitted as John Dalgarno Roesser), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, John D. Roesser, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as John Delgarno Roesser, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 10, 1999.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Norma I. Melendez, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent John D. Roesser was admitted to the practice of law in the State of New York by the Second Judicial Department on February 10, 1999, under the name John Dalgarno Roesser. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
Respondent seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice law in the State of New York. The Attorney Grievance Committee (Committee) asserts that respondent's application is in full compliance with 22 NYCRR 1240.10, and therefore does not oppose his motion.
Respondent has submitted his affidavit of resignation which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10. He acknowledges that he is currently the subject of an investigation by the Committee involving allegations that he committed certain acts of professional misconduct, namely that beginning in February 2018 he misapplied and misappropriated $99,652.17 which belonged to his late client, Lawrence Gilbert, as his share of a post-arbitration settlement in a shareholders' lawsuit. Respondent attests that he cannot successfully defend against the allegations under investigation because "[b]eginning in or about February 2018, [he] misapplied and misappropriated client funds."
Respondent acknowledges that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that upon this Court's acceptance and approval, an order of disbarment striking his name from the roll of attorneys shall be entered.
Respondent consents to this Court entering an order, pursuant to Judiciary Law § 90(6-a), directing him to make monetary restitution to Jean L. Gilbert, as Trustee of Lawrence Gilbert Trust, in the amount of $99,652.17. Also, respondent acknowledges that his resignation is subject to any future application that may be made by a Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order.
In addition, respondent acknowledges and agrees that pending issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds therein on behalf of clients or others entitled to receive them; and that he understands that in the event this Court accepts his resignation, the order resulting from this application and the records and documents filed, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Committee does not oppose respondent's motion as his affidavit of resignation is fully compliant with 22 NYCRR 1240.10.
This Court has previously accepted the resignation of attorneys whose affidavits of resignation fully conform with 22 NYCRR 1240.10 and who owe restitution to clients or reimbursement of the Lawyers' Fund for Client Protection (see e.g. Matter of Shasanmi, 167 AD3d 85 [1st Dept 2018]; Matter of Newkirk, 159 AD3d 184 [1st Dept 2018]; Matter of Johnson, 125 AD3d 123 [1st Dept 2015]).
Accordingly, the motion should be granted, and respondent's name should be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to June 26, 2020. In addition, pursuant to Judiciary Law § 90(6-a), respondent should be directed to make restitution to Jean L. Gilbert, as Trustee of Lawrence Gilbert Trust, in the amount of $99,652.17.
All concur.
Order filed. [August 13, 2020]
The motion is granted, respondent's resignation is accepted and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to June 26, 2020. Respondent is directed to make restitution to Jean L. Gilbert, as Trustee of Lawrence Gilbert Trust, in the amount of $99,652.17.