Matter of Palladino (2022 NY Slip Op 03326)





Matter of Palladino


2022 NY Slip Op 03326


Decided on May 19, 2022


Appellate Division, First Department


Per Curiam 



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische,J.P.,
David Friedman
Peter H. Moulton
Saliann Scarpulla
Bahaati E. Pitt, JJ.


Motion No. 2022-01221 Case No. 2022-01156 

[*1]In the Matter of Marc A. Palladino, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Marc A. Palladino, (OCA Atty. Reg. No. 4503645) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 23, 2007.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York, (Vitaly Lipkansky, Esq., of counsel), for petitioner.
Respondent, pro se.



Per Curiam 


Respondent Marc A. Palladino was admitted to the practice of law in the State of New York by the First Judicial Department on April 23, 2007. At all times relevant to this proceeding, he maintained a registered business address within the First Department.
Respondent, who appears pro se, now seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York.
In support of the application, respondent has submitted his affidavit of resignation, which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10. Respondent attests that he has not been admitted to practice in any other courts or jurisdictions.
Respondent acknowledges that he is currently the subject of an investigation by the Attorney Grievance Committee (Committee) involving allegations that he committed certain acts of professional misconduct, namely misappropriating escrow funds in two separate client matters involving real estate transactions. Specifically, in one matter, he is alleged to have misappropriated $370,000 from the law firm of Rosenberg & Estis, P.C., and in the other matter he is alleged to have misappropriated $159,000 from his former client. Respondent asserts that he has made partial restitution for both matters: $75,000 to Rosenberg & Estis, P.C. and $80,000 to his former client.
Respondent attests that he cannot successfully defend against the allegations based upon the facts and circumstances of his professional conduct as described herein. Respondent attests that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
Respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90(6-a), directing him to make restitution to the law firm of Rosenberg & Estis, P.C. in the amount of $295,000 and to his former client in the amount of $79,000.
Respondent also acknowledges that his resignation is submitted subject to any future application that may be made by a Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he makes restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order.
Additionally, respondent acknowledges and agrees that pending issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he [*2]has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them. He understands that in the event the Court accepts his resignation, the order resulting from this application and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Committee does not oppose respondent's motion as his affidavit of resignation is fully compliant with 22 NYCRR 1240.10.
As respondent's affidavit conforms with 22 NYCRR 1240.10, the Court accepts his resignation and directs respondent to make restitution as agreed therein (see e.g. Matter of Roesser, 186 AD3d 6 [1st Dept 2020]; Matter of Shasanmi, 167 AD3d 85 [1st Dept 2018]; Matter of Johnson, 125 AD3d 123 [1st Dept 2015]).
Accordingly, the motion should be granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to March 17, 2022, the date of his affidavit. In addition, respondent should be directed, pursuant to Judiciary Law § 90(6—a), to make restitution to the law firm of Rosenberg & Estis, P.C. in the amount of $295,000 and to his former client, in the amount of $79,000.
All concur. IT IS ORDERED that the motion is granted, respondent Marc A. Palladino's resignation is accepted, and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to March 17, 2022, and IT IS FURTHER ORDERED that respondent Marc A. Palladino shall make monetary restitution, pursuant to Judiciary Law § 90(6-a), to the law firm of Rosenberg & Estis, P.C. in the amount of $295,000 and to his former client, S.M., in the amount of $79,000, and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, effective immediately, respondent Marc A. Palladino is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; and respondent is forbidden to give to another an opinion as to the law or its application or any advice in relation thereto, and IT IS FURTHER ORDERED that respondent Marc A. Palladino is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (22 NYCRR 1240.15), which is made a part hereof, and IT IS FURTHER ORDERED that if the respondent, Marc A. Palladino, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: May 19, 2022