Matter of Sokol (2023 NY Slip Op 05665)

Matter of Sokol

2023 NY Slip Op 05665

Decided on November 09, 2023

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Sallie Manzanet-Daniels
Justice Presiding
Jeffrey K. Oing Anil C. Singh Saliann Scarpulla John R. Higgitt
Justices.

Motion No. 2023-03764 Case No. 2023-04331 

[*1]In the Matter of Andrew L. Sokol, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Andrew L. Sokol (Oca Atty. Reg. No. 1668052), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Andrew L. Sokol, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 5, 1980.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Vitaly Lipkansky, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Andrew L. Sokol was admitted to the practice of law in the State of New York by the Second Judicial Department on March 5, 1980, and maintained an office for the practice of law within the First Judicial Department during the events at issue. Respondent seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice law in the State of New York. The Attorney Grievance Committee (Committee) asserts that respondent's application is in full compliance with 22 NYCRR 1240.10 and, therefore, does not oppose his motion.
Respondent's affidavit in support of resignation — sworn to on August 22, 2023 — conforms to the format set forth in Appendix A to 22 NYCRR part 1240 (22 NYCRR 1240.25). Respondent attests that he is admitted to practice before the U.S. Supreme Court, U.S. Tax Court, and two federal district courts in New York. Respondent acknowledges that he is currently the subject of an investigation by the Committee involving allegations that he committed professional misconduct, including at least willfully misappropriating escrow funds in a real estate matter involving two clients. Respondent asserts that he is alleged to have misappropriated $319,000, that he has repaid $159,500 to one client, and that he will repay the remainder as soon as possible.
Respondent attests that he cannot successfully defend against the allegations and that he "sincerely regret[s] [his] actions." Respondent acknowledges that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval will result in entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
Further, respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90 (6-a), directing that he make restitution to the remaining client in the amount of $159,500. Also, he acknowledges that his resignation is submitted subject to any future application which may be made by a Committee of any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90 (6-a), directing him to make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make that order.
Additionally[*2], respondent acknowledges and agrees that pending issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds on behalf of clients or others entitled to receive them. He attests to understanding that, in the event this Court accepts his resignation, the resulting order and the records and documents filed, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90 (10).
As respondent's affidavit of resignation fully conforms with 22 NYCRR 1240.10, this Court grants respondent's motion, accepts his resignation and, pursuant to Judiciary Law § 90 (6-a), directs him to make restitution as agreed (see e.g. Matter of Kazlow, 217 AD3d 72 [1st Dept 2023]; Matter of Palladino, 206 AD3d 54 [1st Dept 2022]; Matter of Roesser, 186 AD3d 6 [1st Dept 2020]).
Accordingly, the motion should be granted and respondent's resignation accepted. Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 22, 2023 (the date of his affidavit), and respondent is directed to make restitution to the remaining client in the amount of $159,500 (see Judiciary Law § 90 [6-a]).
All concur.
It is Ordered that the application of respondent, Andrew L. Sokol, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted and respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 22, 2023, and,
It is further Ordered that respondent, Andrew L. Sokol, is directed to make restitution to the remaining client in the amount of $159,500 (see Judiciary Law § 90 [6-a]), and,
It is further Ordered that, pursuant to Judiciary Law § 90, effective immediately, respondent, Andrew L. Sokol, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent, Andrew L. Sokol, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Andrew L. Sokol, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith.
Entered: November 9, 2023