Matter of Sengupta (2024 NY Slip Op 06160)

Matter of Sengupta

2024 NY Slip Op 06160

Decided on December 10, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Cynthia S. Kern
Justice Presiding
Anil C. Singh David Friedman Ellen Gesmer Manuel Mendez
Justices.

Motion No. 2024-04574 Case No. 2024-05813 

[*1]In the Matter of Afia Sengupta, Registered In-House Counsel: Attorney Grievance Committee for the First Judicial Department, Petitioner, Afia Sengupta (OCA Atty. Reg. No. 5910369), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Afia Sengupta, was registered as an In-House Counsel (22 NYCRR) Part 522 by the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 29, 2021.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kevin P. Culley, of counsel), for petitioner.
Evan W. Bolla, Esq., for respondent.

PER CURIAM 

Respondent Afia Sengupta was registered as an in-house counsel in the State of New York, First Judicial Department under Rules of the Court of Appeals for the Registration of In-House Counsel (22 NYCRR) Part 522 on September 29, 2021. Respondent maintains a registered address in the First Judicial Department.
Part C of the Application to Register as In-House Counsel requires an applicant to swear or affirm that the applicant agrees to be "subject to the disciplinary authority of New York State and to comply with the New York Rules of Professional Conduct (22 NYCRR 1200) and the rules governing the conduct of attorneys ." Moreover, Part 522.3(d) states that in-house counsel shall "abide by all of the laws and rules that govern attorneys admitted to the practice of law in this State." As such, this Court maintains jurisdiction over matters involving respondent's professional misconduct.
With respect to the scope of practice, Part 522.4 states:
An attorney registered as in-house counsel . . . shall: (a) provide legal services in this State only to the single employer entity or its organizational affiliates but only on matters directly related to the attorney's work for the employer entity, and to the extent consistent with the New York Rules of Professional Conduct; (b) not make appearances in this State before a tribunal or engage in any activity for which pro hac vice admission would be required if engaged by an attorney who is not admitted to the practice of law in this State; (c) not provide personal or individual legal services to any customers, shareholders, owners, partners, officers, employees or agents of the identified employer; and (d) not hold oneself out as an attorney admitted to practice in this State except on the employer's letterhead with a limiting designation (see 22 NYCRR 522.4 [Scope of legal services]).
By motion and affidavit of resignation dated September 12, 2024, respondent seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) §1240.10, accepting her resignation as a registered in-house counsel in the State of New York. The Attorney Grievance Committee (AGC) does not oppose the motion.
Respondent's affidavit in support of her motion to resign conforms to the format set forth in Appendix A to 22 NYCRR §1240.10. She attests that she is a member in good standing of the bar of the State [*2]of Maharashtra and Goa, India, since 2012. She is not admitted to practice in any other jurisdiction in this State or in the United States, and as in-house counsel in the State of New York, she is only authorized to practice law in this state to the extent permitted by 22 NYCRR Part 522. Respondent attests that she is the subject of an investigation by the AGC involving multiple allegations of professional misconduct on her part, that she exceeded the scope of legal services she is authorized to perform as a registered in-house counsel under 22 NYCRR Part 522, and that she cannot successfully defend against these allegations.
The allegations include at least the following acts of professional misconduct:
In or about April or May 2022 respondent held herself out as a New York attorney to client #1 and represented that she was qualified to represent his interests in relation to a matter pending in the District of Ohio with the assistance of local counsel. Respondent was paid a $15,000 legal fee and was entrusted with an additional $70,000 to be held on the client's behalf in an attorney escrow account, which funds respondent did not properly segregate, and maintained in a non-attorney trust account. Respondent inappropriately commingled and withdrew those funds without the client's knowledge, permission, or authority, and used them for her own interests. She also improperly conditioned the return of those funds on receipt of a signed release of liability against herself and others. Further, in response to the AGC's investigation, respondent provided misleading testimony concerning her handling of those funds and repayment to the client;
In or about May and August 2022, respondent represented client #2 in a claim for personal injuries. As an in-house counsel respondent was aware, or should have been aware, that she could only represent the client pro bono and under the supervision of a New York attorney. Respondent neglected the client's matter by failing to communicate, or respond to the client's reasonable requests for information about the status of the case;
In or about August and November 2022 respondent represented client #3 pursuant to a military pro bono retainer agreement, in a custody/visitation and order of protection proceeding pending in Family Court, Onondaga County. Respondent did not explain to the client that she was a foreign attorney registered in New York only as an in-house counsel. She neglected the matter by failing to make the requisite filings and applications. She misrepresented to the client that such filings and applications were made, and that funds the client paid her were used for said filings. Respondent admits that she owes the client $4,965;
In or about February and May 2023, respondent appeared as counsel pro bono for an indicted defendant and was found, by order of Supreme Court, Kings County Criminal Term, to have failed to provide the court with adequate notice that she was a registered in-house counsel and [*3]not admitted to practice in New York;
In or about June and November 2023 respondent was retained by client #4 to recover a stolen vehicle, improperly collected a $3,500 legal fee, and did not advise the client that she would not be representing her as an attorney. She also failed to return the fee in a timely manner despite the client's demand.
Respondent attests that she cannot successfully defend herself against any of the allegations of professional misconduct, and that her resignation is freely and voluntarily rendered with full awareness of the consequences, including that this Court's acceptance and approval shall "result in the entry of an order of disbarment striking her name as
in-house counsel."
Respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90(6-a), directing her to make restitution to client #1 in the amount of $85,000; and to client #3 in the amount of $4,965 to the extent she has not already done so. She acknowledges that her resignation is submitted subject to any future application which may be made by a Committee of any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing her to make restitution or reimburse the Lawyers' Fund for Client Protection, and she consents to the continuing jurisdiction of the Appellate Division to make that order.
Additionally, respondent acknowledges and agrees that pending issuance of an order accepting her resignation, she shall not undertake to represent any new clients or accept retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which she has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them. She also understands that in the event this Court accepts her resignation, the order resulting from this application and the documents filed, including her affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
As respondent's affidavit of resignation fully conforms with 22 NYCRR 1240.10, and she admits that she exceeded the scope of legal services she is authorized to perform as a registered in-house counsel under 22 NYCRR Part 522, this Court grants respondent's motion, accepts her resignation and, pursuant to Judiciary Law §90(6-a), directs her to make restitution as agreed (see Matter of McKenna, 226 AD3d 149 [1st Dept 2024]; Matter of Palladino, 206 AD3d 54 [1st Dept 2022]; Matter of Roesser, 186 AD3d 6 [1st Dept 2020].
Accordingly, the motion should be granted, respondent's resignation accepted, and her registration as in-house counsel in the State of New York terminated, effective nunc pro tunc to the September 12, 2024, the date of the affidavit. In addition, pursuant to Judiciary Law §90(6-a), respondent should be directed to make restitution to client #1 in the amount of $85,000 and to client #3 in the amount of $4,965.
All concur.
Wherefore, it is Ordered [*4]that the application of respondent to resign as an in-house counsel pursuant to 22 NYCRR Part 522 is granted and respondent Afia Sengupta's registration as in-house counsel in the State of New York is terminated, effective nunc pro tunc to September 12, 2024; and
It is further Ordered that respondent, Afia Sengupta, is directed to make restitution to client #1 in the amount of $85,000 and to client #3 in the amount of $4,965, pursuant to Judiciary Law §90(6-a); and
It is further Ordered that pursuant to Judiciary Law § 90, respondent Afia Sengupta, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as in-house counsel, an attorney, or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as in-house counsel, an attorney, or counselor-at-law; and
It is further Ordered that if respondent, Afia Sengupta, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: December 10, 2024